**NOT FOR PUBLICATION**

FILED

AUG 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ST. LUKE'S HEALTH SYSTEM, LTD.; ST. LUKE'S REGIONAL MEDICAL CENTER, LTD.,

Plaintiffs-Appellees,

v.

ALLIED WORLD NATIONAL ASSURANCE COMPANY; ALLIED WORLD SPECIALTY INSURANCE COMPANY,

Defendants-Appellants.

No. 15-35767

D.C. No. 1:14-cv-00475-BLW

MEMORANDUM*

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted August 28, 2017**
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and ROTHSTEIN,*** District Judge.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Barbara Jacobs Rothstein, United States District Judge for the Western District of Washington, sitting by designation.

Allied World National Assurance Company and Allied World Specialty Insurance Company (collectively, "Allied World") appeal the district court's grant of judgment on the pleadings in favor of St. Luke's Health Systems, Ltd., and St. Luke's Regional Medical Center, Ltd. (collectively, "St. Luke's"). We review de novo. *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In a previous appeal, we upheld the district court's determination that St. Luke's anti-competitive merger with another regional health care provider violated § 7 of the Clayton Act. *Saint Alphonsus Med. Ctr.-Nampa Inc. v. St. Luke's Health Sys., Ltd.*, 778 F.3d 775, 788, 792 (9th Cir. 2015). The sole question here is whether the insurance contract between St. Luke's and Allied World indemnifies St. Luke's for the attorneys' fees incurred in defense of that suit.

Under the plain terms of the contract, attorneys' fees are covered. The contract covers "Loss arising from a Claim . . . against [St. Luke's] for Antitrust Activities." "Antitrust Activities" is defined as including "a violation of . . . the Clayton Act." Allied World does not dispute that "Loss" covers attorneys' fees.

Allied World's contention that the contract doesn't cover instances in which the insured loses its antitrust suit hinges on the notion that a finding that a merger is anti-competitive under § 7 of the Clayton Act is equivalent to the insured having "gain[ed] . . . financial advantage" under Exclusion A of the contract. *See Saint*

*Alphonsus*, 778 F.3d at 783. But under Idaho law, insurance contracts are to be construed strictly against the insurer and insurance exclusions in favor of the insured. *See Moss v. Mid-Am. Fire & Marine Ins. Co.*, 647 P.2d 754, 756 (Idaho 1982). "The burden is on the insurer to use clear and precise language if it wishes to restrict the scope of coverage and exclusions not stated with specificity will not be presumed or inferred." *See Clark v. Prudential Prop. & Cas. Ins. Co.*, 66 P.3d 242, 245 (Idaho 2003).

**AFFIRMED.**